

_____
WENDELIN I. LIPP
U. S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
Greenbelt Division

| | |
|---|---|
| IN RE: | Case No. 15-10631-WIL |
| DOUGLAS RICE | |
| VELARIE M HARVELL | |
|     Debtors. | Chapter 13 |
| _____ | |
| SETERUS, INC. AS THE AUTHORIZED | |
| SUBSERVICER FOR FEDERAL NATIONAL | |
| MORTGAGE ASSOCIATION ("FANNIE MAE"), | |
| CREDITOR C/O SETERUS, INC. | |
|     Movant, | |
| vs. | |
| DOUGLAS RICE | |
| VELARIE M HARVELL | |
|     Debtors/Respondents, | |
| and | |
| NANCY SPENCER GRIGSBY | |
|     Trustee/Respondent. | |

_____

### AGREED ORDER TERMINATING THE AUTOMATIC STAY

    Seterus, Inc. as the authorized subservicer for Federal National Mortgage Association ("Fannie Mae"), creditor c/o Seterus, Inc. ("Movant"), and Respondents, Douglas L. Rice and Velarie M. Harvell ("Debtors"), have reached an agreement in this matter, as follows. The Chapter 13 Trustee has not filed a response and consequently is not objecting to the relief requested.

    Upon review of the Motion for Relief from Automatic Stay filed herein by Movant, it is ORDERED that:

    Automatic Stay of 11 U.S.C. § 362(a) is hereby TERMINATED to permit Movant to cause the commencement or continuation of a foreclosure proceeding, and/or to pursue other means, as permitted by the terms of the Deed of Trust securing the Movant and as permitted by applicable law, of obtaining or transferring, title to the real property belonging to Debtors known

as 703 Rufford Court, Accokeek, MD 20607 (the "Property"), and allowing the purchaser or transferee to obtain possession of same.

  IT IS FURTHER ORDERED that the Movant shall forbear from commencing or continuing a foreclosure proceeding provided the Debtors:

1. make the regular monthly payment of $1,764.06, subject to periodic changes, on or before May 1st, 2016, and on the 1st day of each month thereafter, as they become due, pursuant to the terms of the Promissory Note secured by the Deed of Trust on the above-referenced property. This shall include the payment of all real estate taxes and hazard insurance as they become due; and

2. cure the post-petition arrears of $2,333.48, calculated as follows:

| | | |
|---|---|---|
| One (1) missed payment(s) of $1,764.06 (April, 2016 through April, 2016) | = | $1,764.06 |
| Motion for Relief Attorney's Fees | = | $850.00 |
| Motion for Relief Filing Fee | = | $176.00 |
| Less Post-Petition Suspense Balance | = | ($456.58) |
| Total Post-Petition Default | = | $2,333.48 |

by making a payment to Movant in the amount of $388.93 (said figure represents one-sixth (1/6) of Debtors' post-petition arrears) on or before May 15th, 2016, and continue making payments of $388.91 on or before the 15th day of each month and every month thereafter, through and including October 15th, 2016.

  IT IS FURTHER ORDERED that all payments to the Movant shall be made payable to:

Seterus, Inc.<br>
PO Box 1047<br>
Hartford, CT 06143

  IT IS FURTHER ORDERED that if the holder of any other Deed of Trust or lien on the Property obtains relief from the Automatic Stay, then the Movant's obligation to forbear from commencing or continuing a foreclosure proceeding shall immediately terminate without any further proceeding in this Court.

  IT IS FURTHER ORDERED that if any payment or portion of any payment required to be made hereunder is not received by Movant by the date that it is due, including any payment due on or after May 1st, 2016, the Debtors shall be deemed to be in default under this Order.  In such event, Movant's attorney shall file a Notice of Default with this Court stating the amount due under this Order and shall mail a copy of said Notice of Default to the Debtors and to Debtors' attorney. If, within ten (10) days of the date of said notice, the Debtors do not cure the default by paying the amount stated in the notice, Movant's obligation to forbear from commencing or continuing a foreclosure proceeding shall terminate without any further proceeding in this Court.

  IT IS FURTHER ORDERED that any cure of the Notice of Default must include all amounts set forth therein, including attorney's fees resulting from the Debtors' default, as well as any payments which have subsequently become due under the terms of the Agreed Order Terminating Automatic Stay and that are due at the time Debtors tender funds to cure the default.

  IT IS FURTHER ORDERED that acceptance of partial payment by the Movant during the cure period shall not constitute a satisfaction or waiver of the Notice of Default and, in the absence of complete cure of the default, Movant's obligation to forbear from commencing or continuing a foreclosure proceeding shall terminate on the expiration of the cure period without any further proceeding in this Court, notwithstanding partial payment.

  IT IS FURTHER ORDERED that upon the filing of the second such Notice of Default, Movant's obligation to forbear from commencing or continuing a foreclosure proceeding shall immediately terminate and Movant shall be free to cause the commencement or continuation of a foreclosure proceeding against the Property without any further proceeding in this Court.

  IT IS FURTHER ORDERED that Debtors consent that any and all communications including but, not limited to, notices required by state law, sent by Movant in connection with any and all proceedings against the property may be sent directly to the Debtors.

  IT IS FURTHER ORDERED that in the event the Debtors convert this case to a case under another Chapter of the U.S. Bankruptcy Code, or this case is dismissed, Movant's obligation to forbear from commencing or continuing a foreclosure proceeding shall immediately terminate without any further proceeding in this Court.

  IT IS FURTHER ORDERED that in the event of any Default of this Agreed Order that results in the release of Movant's obligation to forbear from commencing or continuing a foreclosure proceeding, Movant may cease to provide any applicable notices provided for under Federal Rules of Bankruptcy Procedure 3002.1.

  IT IS FURTHER ORDERED this Agreed Order applies to any successor in interest of Movant and shall not be subject to the stay of order referenced in Federal Rule of Bankruptcy Procedure 4001(a)(3).

*/s/ Leah C. Freedman*
Leah C. Freedman
MD Federal Bar No. 18950
BWW Law Group, LLC
6003 Executive Blvd., Suite 101
Rockville, MD  20852
(301) 961-6555
(301) 961-6545 (facsimile)
bankruptcy@bww-law.com
*Counsel for Movant*


*/s/ Jonathan C. Silverman*
Jonathan C. Silverman, LLC
5505 Branchville Road
College Park, Maryland 20740
*Counsel for Debtors*

**CERTIFICATION OF CONSENT**

   I HEREBY CERTIFY that the terms of the copy of the agreed order submitted to the Court are identical to those set forth in the original agreed order; and the signatures represented by the /s/_____ on this copy reference the signatures of consenting parties on the original agreed order.

*/s/ Leah C. Freedman*
Leah C. Freedman

cc:

BWW Law Group, LLC
6003 Executive Blvd., Suite 101
Rockville, MD 20852

Joseph Langone, Esq.
Langone & Fasullo, PLLC, 9516-C Lee Highway
Fairfax, VA 22031

Jonathan C. Silverman, LLC
5505 Branchville Road
College Park, Maryland 20740

Nancy Spencer Grigsby, Trustee
4201 Mitchellville Road, Suite 401
Bowie, MD 20716

Douglas L. Rice
703 Rufford Court
Accokeek, MD 20607

Velarie M. Harvell
703 Rufford Court
Accokeek, MD 20607

**END OF ORDER**